**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**RONALD MOORE; et al.**                                                                PLAINTIFFS

**V.**                                                               NO. 1:15-CV-13-DMB-DAS

**MISSISSIPPI GAMING COMMISSION; et al.**                                DEFENDANTS

**OPINION AND ORDER**

Before the Court is a "Motion to Stay" by John Hairston, Nolen Canon, Wally Carter, Allen Godfrey, Lyn Chambers, and Edward Williams (collectively, "Individual Gaming Commission Defendants"), Doc. #61; joined by Lee County, Mississippi and Jim H. Johnson, Doc. #62.

**I**
**Procedural Background**

On January 15, 2015, Ronald Moore and Intouch Enterprises, LLC filed suit in this Court against the Mississippi Gaming Commission; and, in their individual and official capacities, John Hairston, Nolen Canon, Wally Carter, Allen Godfrey, Lyn Chambers, Edward Williams, and "Other Unknown John and Jane Does A-Z." Doc. #1. Moore and Intouch alleged civil rights violations and related claims arising from Moore's indictment and arrest, and raids on Intouch (formerly Paradise Isle Internet Café), during which computer equipment and gambling machines were seized. On February 20, 2015, before any named defendant answered the complaint, Moore and Intouch, along with Carol Moore Carver, filed an amended complaint which added (1) as defendants Lakeita F. Rox-Love, in her individual and official capacities; Lee County, Mississippi; and Sheriff Jim H. Johnson, in his official capacity; (2) claims for libel and invasion of privacy; and (3) allegations regarding criminal charges against Carver. Doc. #13.

On November 2, 2015, the Court dismissed the amended complaint as a shotgun pleading, denied a pending motion to dismiss as moot, and allowed the plaintiffs until November 16, 2015, to

file a second amended complaint. Doc. #36.

On November 16, 2015, the plaintiffs filed a second amended complaint, asserting the same counts and naming the same defendants as those in the first amended complaint. Doc. #37. The second amended complaint alleges eight causes of action: (1) deprivation of civil rights under 42 U.S.C. § 1983; (2) conspiracy to interfere with civil rights under 42 U.S.C. § 1985; (3) failure to train adequately and to supervise employees; (4) civil conspiracy; (5) intentional infliction of emotional distress; (6) conversion; (7) invasion of privacy; and (8) libel. *Id*. Specifically, the plaintiffs allege that the defendants executed a defective search warrant on the wrong premises, resulting in an unreasonable search and seizure, and wrongfully pursued Moore's indictment and Carver's indictment and arrest. *Id*. at ¶¶ 27, 32, 37. Among other things, the plaintiffs seek compensatory damages "in the amount of property taken from Plaintiffs' premises by the Defendants, loss of past and future business opportunities, damages to Plaintiffs' reputation, attorney's fees, and mental and emotional distress." *Id*. at ¶ 37.

After several defendants moved to dismiss based on various immunity defenses, United States Magistrate Judge David A. Sanders stayed all "conferences, disclosure requirements, discovery, and proceedings … other than additional immunity motion practice" pending the Court's ruling on the motions to dismiss. Doc. #50. Judge Sanders also ordered the defendants to "submit to the undersigned a proposed order lifting stay, if necessary, within ten days of notification of the court's ruling on the underlying dispositive motions." *Id*.

On September 29, 2016, this Court issued an order on the motions to dismiss. Doc. #60. The Court dismissed all claims against the Mississippi Gaming Commission, Rox-Love, and the Individual Gaming Commission Defendants in their official capacities. *Id*. The Court also dismissed the invasion of privacy claim based on disclosure but denied dismissal on the invasion of

privacy claim based on false light. Thus, the false light invasion of privacy claim and the plaintiffs' other claims against the Individual Gaming Commission Defendants in their individual capacities remain pending.

Rather than notifying Judge Sanders of the ruling on the motions to dismiss, the Individual Gaming Commission Defendants, on October 7, 2016, moved to stay this action pending resolution of "related and ongoing criminal proceedings" against Moore and Carver in the Circuit Court of Lee County, Mississippi, which matters are currently set for trial in August 2017.[1] Doc. #61. The plaintiffs filed a response to the motion to stay on October 28, 2016, Doc. #63; and the Individual Gaming Commission Defendants replied on November 7, 2016, Doc. #65.

## II
## Analysis

In seeking a stay, the Individual Gaming Commission Defendants argue that "*Heck v. Hump[hr]ey*, 512 U.S. 477 (1994) holds that a plaintiff may not undermine the validity of a criminal conviction through a civil suit under 42 U.S.C. § 1983." Doc. #61 at 3. Under *Heck*, a person cannot bring a §1983 claim for monetary damages directly challenging an "allegedly unconstitutional conviction or imprisonment" unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal [or] a federal court[]." *Heck*, 512 U.S. 477, 486–87 (1994). If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, … the complaint must be dismissed …." *Id*. at 487. But, where "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id*.

---

[1] The Court takes judicial notice of the dockets in the state court criminal actions against the plaintiffs. *See Miss. v. Moore*, No. CR-15-198 (1st Cir. Ct. Lee Cty., Miss. filed Feb. 2, 2015); *Miss. v. Carver*, No. CR-15-203 (1st Cir. Ct. Lee Cty., Miss. filed Feb. 2, 2015); *Landry v. Lynaugh*, 844 F.2d 1122, 1124 n.8 (5th Cir. 1988) (taking judicial notice of state court trial records).

3

The *Heck* bar does not apply to "*an anticipated future conviction*" in the context of a pending criminal trial. *Wallace v. Kato*, 549 U.S. 384, 393 (2007). However, when the "record does not clearly reflect that a successful attack on the [alleged violation] will implicate the validity of his confinement," a district court "may—*indeed should*—stay proceedings in the section 1983 case until the pending criminal case has run its course." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (emphasis added).

Here, the plaintiffs' § 1983 claims relate to an unreasonable search and seizure, Moore's indictment, and Carver's indictment and arrest. These claims are not necessarily barred by *Heck*. *See* 512 U.S. at 487 n.7 (suit for damages stemming from "unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction" when successful action "would not *necessarily* imply the plaintiff's conviction was unlawful"); *Mackey*, 47 F.3d at 746 ("It is well established that a claim of unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal prosecution following the arrest."). The plaintiffs argue this case should not be stayed because the defendants failed to identify any substantial or irreparable prejudice, the plaintiffs have an interest in the speedy determination of this action, the plaintiffs will be prejudiced by another stay, and a stay will not achieve judicial efficiency. Doc. #64 at 3–4. However, the plaintiffs have not argued, and the record does not reflect, that their claims will *not* demonstrate the invalidity of any future conviction stemming from the pending charges. In the absence of such clear indication, the Court will stay the case until the criminal prosecutions against Moore and Carver are resolved so that the Court may determine whether or not *Heck* bars their claims.[2]

---

[2] The plaintiffs' contention that a further stay will cause substantial and irreparable harm is unfounded given that their claims may not survive under *Heck*.

# III
## Conclusion

For the reasons above, the motion to stay [61] and joinder [62] are **GRANTED**. This action is **STAYED** until the criminal charges against Moore and Carver in Lee County are finally resolved. The Clerk of the Court is **DIRECTED** to administratively close this action. Once the state criminal proceedings are concluded, the plaintiffs, within twenty-one (21) days, may file a motion to re-open this action; otherwise this case will be dismissed without prejudice.

**SO ORDERED**, this 12th day of July, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**